**SO ORDERED: December 15, 2011.**



_____
**Frank J. Otte**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| G & S LIVESTOCK COMPANY, | ) | CASE NO. 10-81378-FJO-7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| WILLIAM J. TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ADVERSARY NO. 11-58007 |
| | ) | |
| PAUL GIBSON, SR., | ) | |
| PAUL GIBSON, JR., and | ) | |
| MELINDA HART, | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL JUDGMENT

The Court, having entered its Findings Of Fact And Conclusions Of Law Supporting Judgment In Favor Of Trustee, now enters Judgment in favor of William J. Tucker, the Trustee

herein, and against the Defendants Paul Gibson, Sr., Paul Gibson, Jr. and Melinda Hart as follows:

  A. On Count I of the Complaint, a money judgment is hereby entered in favor of the Trustee and against the Defendants Paul Gibson, Sr. and Paul Gibson, Jr., jointly and severally, in the amount of (1) $1,194,531.25, plus (2) any additional amount subsequently determined by the Court, after the allowance of claims and payment of administrative expenses, as being necessary to pay the allowed claims against the Debtor in full.

  B. On Count II of the Complaint, judgment is hereby entered in favor of the Trustee and against the Defendants Paul Gibson, Sr. and Melinda Hart, and the transfers of the following properties (the "Senior Properties") from Paul Gibson, Sr. to Melinda Hart are hereby avoided and set aside pursuant to 11 U.S.C. § 544(b):

1. 8882 East Co. Rd. 500 North, Jasonville, IN 47438 (Senior's residence);
2. 1184 N. 600 E., Attica, IN  47918 (5 acres and a house);
3. Independence Road, Attica, IN  47918 (rough wooded lot);
4. Kickapoo Road, Attica, IN  47918 (31 acres);
5. Independence Road, Attica, IN  47918 (4.54 acres); and
6. 4645 E. Independence Road, Attica, IN  47918.

The Trustee is hereby granted a lien on the Senior Properties for the benefit of the estate.  The Trustee is authorized, pursuant to 11 U.S.C. § 550 to recover, for the benefit of the estate, either the Senior Properties transferred from Paul Gibson, Sr. to Melinda Hart or the value of such properties from Melinda Hart.

  C. On Count II of the Complaint, judgment is hereby entered in favor of the Trustee and against the Defendants Paul Gibson, Jr. and Melinda Hart, and the transfer of the 120-acre farm in Warren County, Indiana  (the "Junior Property") from Paul Gibson, Jr. to Melinda Hart is hereby avoided and set aside pursuant to 11 U.S.C. § 544(b).  The Trustee is hereby granted a

lien on the Junior Property for the benefit of the estate. The Trustee is authorized pursuant to 11 U.S.C. § 550 to recover, for the benefit of the estate, either the Junior Property transferred from Paul Gibson, Jr. to Melinda Hart or the value of such property from Melinda Hart; provided, however, that in either case the Trustee's recovery shall be reduced by $205,000, representing the value paid by Melinda Hart for the Junior Property and which is the subject of the mortgage on the Junior Property granted by Melinda Hart to the Bank of Indiana.

###